UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN WILLIAMS-SALMON, | ) | Case No.: 1:20 CV 419 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| AVANIR PHARMACEUTICALS, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER OF REMAND |

Currently pending before the court in the above-captioned case is Plaintiff Marilyn Williams-Salmon's ("Plaintiff") Motion to Remand to State Court ("Motion") (ECF No. 11). For the reasons that follow, the court grants Plaintiff's Motion. This case is hereby remanded to the Cuyahoga County Court of Common Pleas from which it was removed.

**I. BACKGROUND**

Between 2010 and 2016, Plaintiff received medical treatment from Defendant Deepak Raheja, M.D. ("Dr. Raheja"). (Compl. ¶¶ 78, 80, ECF No. 1-1.) At some point during this treatment, Plaintiff was misdiagnosed with a neurological disorder known as Pseudobulbar Affect ("PBA"). (*Id.* ¶¶ 6, 86.) Plaintiff maintains that she was unaware of this misdiagnosis until November of 2019, when she was informed by the United States Attorney's Office ("USAO") that she was a potential victim of an illegal kickback scheme involving Defendants Dr. Raheja, Gregory Hayslette

("Hayslette"), Frank J. Mazzucco ("Mazzucco"), and relevant to this Motion, Avanir Pharmaceuticals, Inc. ("Avanir") (collectively, "Defendants"). (*Id.*) This kickback scheme allegedly involved Avanir and its employees, Hayslette and Mazzucco, providing illegal incentives to Dr. Raheja in exchange for prescribing medications to patients, like Plaintiff, for conditions unsupported by their presenting symptoms. (*Id.* ¶¶ 1, 4.) Specifically, Plaintiff contends that she was prescribed a medication called Nuedexta, which is sold by Avanir. (*Id.* ¶ 6.) Plaintiff maintains that she suffered numerous personal injuries as a result of Defendants' conduct. (*Id.* ¶ 7.)

On January 21, 2020, Plaintiff commenced this action in the Cuyahoga County Court of Common Pleas alleging various state law claims against Defendants. (Compl., ECF No. 1-1.) In the Complaint, Plaintiff brought the following claims: medical malpractice against Dr. Raheja ("Count One"); medical battery and lack of informed consent against Dr. Raheja ("Count Two"); negligence against all Defendants ("Count Three"); Civil Recovery for a Criminal Act, Ohio Rev. Code § 2307.60 against all Defendants ("Count Four"); Ohio Corrupt Practices Act, Ohio Rev. Code § 2923.34 against all Defendants ("Count Five"); and civil conspiracy against all Defendants ("Count Six"). (*Id.*)

In support of her claims, Plaintiff attached three exhibits to her Complaint: Exhibit A is the federal indictment in *United States v. Raheja et al.*, No. 1:19-CR-559 (N.D. Ohio Sept. 18, 2019), which alleges, among others counts, that Dr. Raheja, Hayslette, and Mazzucco violated the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(1)(B) and 42 U.S.C. § 1320a-7b(b)(2)(B) (the "Federal Indictment"); Exhibit B is the letter that Plaintiff received from the USAO, which informed her of the kickback scheme; and Exhibit C is the Complaint in *United States ex rel. Kevin Manieri, Realtor v. Avanir Pharmaceuticals, Inc. et al.*, No. 5:15-CV-611 (N.D. Ohio Mar. 27, 2015), which

alleges, among other claims, that Avanir violated the federal False Claims Act, 31 U.S.C. § 3729 (the "False Claims Act Complaint"). Plaintiff incorporated the facts and allegations from these Exhibits into her Complaint. (Compl. ¶¶ 11 12, 14, 39 40, ECF No. 1-1.)

On February 24, 2020, Avanir removed the case to this court asserting that the court has jurisdiction under 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1.) Avanir maintains that Plaintiff's claims arise under federal law and/or implicate substantial federal questions. (*Id.* ¶ 16.) Alternatively, Avanir contends that should the court determine that it has jurisdiction under § 1331 over less than all of Plaintiff's claims, it should find that it has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367 because Plaintiff's claims "derive from a common nucleus of operative fact." (*Id.* (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006)).)

On March 6, 2020, Plaintiff filed the Motion considered herein, requesting the court remand this case to state court, pursuant to 28 U.S.C. § 1447(c). (Mot. at PageID #234, ECF No. 11.) Avanir filed its Opposition (ECF No. 15) on March 20, 2020. On March 27, 2020, Plaintiff filed her Reply. (ECF No. 17.)

## II. LEGAL STANDARD

Removal from state court to federal court is proper for "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "federal question" cases, which implicate questions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over "civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states." 28 U.S.C. § 1332(a). A court considers whether federal jurisdiction

existed at the time of removal and the removing party "bear[s] the burden of establishing federal subject-matter jurisdiction." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 54 (6th Cir. 1996). Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." It is well-settled in the Sixth Circuit that, "because they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Thus, when there is uncertainty as to whether remand is appropriate, "all doubts should be resolved in favor of remand." *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 860 (N.D. Ohio 2008).

### III. LAW AND ANALYSIS

Plaintiff asserts that this court lacks federal-question jurisdiction because her Complaint refers only to state law claims and does not raise a substantial question of federal law. (Mem. in Supp. at PageID #236, ECF No. 11-1.) Plaintiff also maintains that because this court lacks original jurisdiction over any of her claims under 28 U.S.C. § 1331, supplemental jurisdiction under 28 U.S.C. § 1367 is lacking. (*Id.* at PageID #248.) Avanir argues that although Plaintiff's Complaint does not expressly refer to federal law, her allegations nevertheless raise substantial questions concerning whether Defendants violated multiple federal criminal statutes and whether Avanir is vicariously liable for Dr. Raheja's criminal misconduct under federal law. (Opp'n at PageID #455, ECF No. 15.) The court will address the parties' arguments in support of their respective positions in turn.

A. Federal Question Jurisdiction

As explained above, a case may be removed to federal court if the plaintiff's allegations "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally,

a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). However, it is well-settled that a plaintiff need not plead a cause of action created by federal law in her well-pleaded complaint to invoke federal-question jurisdiction. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 310 (2005). Civil actions based upon state law "arise under" federal law where a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

According to Avanir, removal to this court was proper because the resolution of Plaintiff's claims involves substantial federal issues. (Notice of Removal at PageID #3 5, ECF No. 1; Opp'n at PageID #449, ECF No. 15.) Avanir also contends that because Plaintiff incorporated the Federal Indictment and False Claims Act Complaint into her Complaint, she alleges that Defendants violated various federal civil and criminal statutes. (Opp'n at PageID #452 53.) As to this latter argument, Plaintiff expressly denies that she is pursuing the criminal charges that are alleged in the Federal Indictment against Defendants. (Mem. in Supp. at PageID #238, ECF No. 11-1.) In any event, Plaintiff asserts that she lacks standing to pursue such claims. (*Id.*); *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) ("The presence of a criminal statute neither creates nor implies a corresponding private right of action. Private citizens . . . do not have standing to enforce criminal statutes or have them enforced. Simply stated, private citizens generally have no standing to institute federal criminal proceedings." (internal citations omitted)). Plaintiff also maintains that she is not pursuing any of the federal civil claims alleged in the False Claims Act Complaint against

Defendants. (Mem. in Supp. at PageID #238.) Plaintiff unequivocally argues that she is only pursuing state law claims. (*Id.*)

Having considered Plaintiff's arguments, the court finds that Plaintiff's claims in Counts One, Two, Three, Five, and Six are clearly state claims arising only under state law. They do not raise federal issue or questions. To the extent that the Complaint incorporates the Federal Indictment and False Claims Act Complaint documents, it does so only as background and factual support of these claims.

But the analysis does not end there. Specifically, Avanir asserts that because Count Four, which is brought under Ohio Rev. Code § 2307.60, requires Plaintiff to prove that Defendants committed criminal acts, Plaintiff has put disputed federal law issues at the center of this case. (*Id.* at PageID #455 56.) Avanir also asserts that substantial federal issues exist because the Complaint asserts that Avanir is vicariously liable for Dr. Raheja's, Hayslette's, and Mazzucco's conduct. (*Id.* at PageID #457.) Indeed, Avanir contends that the court will need to interpret the federal statutes described in the Federal Indictment and False Claims Act Complaint to: (1) determine whether the statutes allow vicarious liability; (2) determine whether imposing vicarious liability to hold Avanir civilly liable under Ohio Rev. Code § 2307.60 would defeat the purpose of the federal statutes; and (3) determine whether Dr. Raheja's criminal conduct is imputable to Avanir under federal common law. (*Id.* at PageID #457 58.)

The Supreme Court has identified four aspects of a case that affect the substantiality of the federal interest in the case: "(1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e., not trivial); (3) whether a decision on the federal question will resolve the case (i.e.,

the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (i.e., the issue is not anomalous or isolated)." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 570 (6th Cir. 2007) (citing *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006)). No single factor is dispositive. *Mikulski*, 501 F.3d at 570. Based on a thorough consideration of these factors, the court concludes that there are no substantial federal issues in this case.

First, this case does not involve a federal agency, and a federal agency's compliance with a federal statute is not in dispute. As such, this factor weighs against characterizing the federal interest in this case as substantial. *Id.*; *Grable*, 545 U.S. at 313 (upholding federal jurisdiction where the dispute centered on the action of a federal agency, the IRS, and its compatibility with a federal statute). This case also does not involve the constitutionality of a federal statute. *See Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921) (holding that federal jurisdiction existed over the plaintiff's state law cause of action because the plaintiff's claim required a determination of whether a federal statute was unconstitutional).

Second, whether Defendants violated federal statutes and whether Avanir is vicariously liable for Dr. Raheja's, Hayslette's, and Mazzucco's conduct is not particularly important to the federal government. Indeed, these determinations do not require any construction of federal statutes. Moreover, vicarious liability is purely a matter of state law. *See Baker v. UC Health*, No. 1:16-CV-00853-TSB, 2017 WL 510271, at *6 (S.D. Ohio Feb. 8, 2017). Further, Avanir has not sufficiently shown how these issues would affect the Government's operation. *See Goade v. Medtronic, Inc.*, No. 13-5123-CV-SW-ODS, 2013 WL 6237853, at *6 (W.D. Mo. Dec. 3, 2013) ("Ultimately, the question is whether the federal issue is 'such an important issue of federal law that

[it] belongs in a federal court.' There is a need to demonstrate the issue 'is significant to the federal system as a whole,' that is, an importance that transcends the parties. As noted, this degree of importance has been found only when the Government's operations are affected by the federal issue." (internal citations omitted)). While the court acknowledges that liability under Ohio Rev. Code § 2307.60 may require a determination that Defendants violated criminal statutes, such as those alleged in the Federal Indictment and in the False Claims Act Complaint, this determination will provide little if any precedent for future cases.

Third, the resolution of whether Defendants violated federal criminal or civil statutes will not conclude this action because, as noted above, Plaintiff has several other claims against Defendants, irrespective of Count Four. And finally, a decision on whether Defendants violated the federal statutes alleged in the Federal Indictment and False Claims Act Complaint will not be controlling over any other case.

Nevertheless, Avanir argues that because Plaintiff incorporated the allegations from the Federal Indictment into her Complaint in alleging Defendants' liability under Ohio Rev. Code § 2307.60, the court must determine whether Defendants violated federal criminal statutes. (Opp'n at PageID #456, ECF No. 15; *see also* Compl. ¶¶ 167 68, 172, ECF No. 1-1.)[1] As such, Avanir maintains that there are substantial federal questions in this case. (Opp'n at PageID #455 61.) The court finds that Avanir's argument is not well-taken. There is no Ohio Supreme Court precedent addressing whether a criminal conviction is required before a plaintiff can seek civil damages under

---

[1] In the Complaint, Plaintiff also maintains that Defendants are guilty of Medicaid fraud under Ohio Rev. Code § 2913.40, and that this crime establishes their liability under Ohio Rev. Code § 2307.60. (Compl. ¶ 173, ECF No. 1-1.)

Ohio Rev. Code § 2307.60. *See Buddenberg v. Weisdack*, No. 1:18-CV-00522, 2018 WL 3949557, at *1 (N.D. Ohio Aug. 17, 2018).[2] If the court determines that a criminal conviction is required, then the case would turn on whether Defendants have already been convicted in federal court. Thus, the state court may very well be able to decide Defendants' liability under Ohio Rev. Code § 2307.60 without having to itself determine whether Defendants' conduct violated a federal criminal or civil statute. The criminal case is ongoing. *See United States v. Raheja et al.*, No. 1:19-CR-559 (N.D. Ohio Sept. 18, 2019). Further, because the Complaint asserts that Defendants are guilty of state and federal offenses, Plaintiff could recover for liability under Ohio Rev. Code § 2307.60 without need for addressing Defendants' alleged guilt for the criminal charges alleged in the Federal Indictment. *See Rains v. Criterion Sys.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories one of which is a state law theory and one of which is a federal law theory federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

In any event, even if a criminal conviction is a condition precedent to liability under Ohio Rev. Code § 2307.60 such that the court would need to determine whether Defendants violated federal criminal statutes, this fact would not constitute a substantial federal question giving rise to jurisdiction under 28 U.S.C. § 1331. *See Gunn*, 568 U.S. at 260 ("The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole."). The mere

---

[2] On October 24, 2018, the Ohio Supreme Court, in Case No. 2018-1209, accepted certified questions from this case, including whether Ohio Rev. Code § 2307.60's creation of a civil cause of action for injuries based on a "criminal act" requires an underlying criminal conviction. *See Buddenberg v. Weisdack*, 109 N.E.3d 1259 (Ohio 2018). Oral argument was held on November 13, 2019, and a decision is forthcoming.

fact that Ohio Rev. Code § 2307.60 may require a criminal conviction as a condition precedent to liability does not mean that the court will be faced with disputed interpretations of law regarding such statutes. As the Sixth Circuit has held, a substantial federal question arises only "where the vindication of a right under state law necessarily turn[s] on some construction of federal law," *Mikulski*, 501 F.3d at 560, and Avanir has not identified any provision of the statutes underlying the Federal Indictment or False Claims Act Complaint that are called into question by Plaintiff's Complaint. Furthermore, as the Sixth Circuit has recognized, "state courts are generally presumed competent to interpret and apply federal law," *Mikulski*, 501 F.3d at 560, and Avanir has neither argued nor presented evidence indicating that the Cuyahoga County Court of Common Pleas cannot competently resolve the issues in this case.

Ultimately, whether Defendants violated the federal criminal and civil statutes as alleged in the Federal Indictment and in the False Claims Act Complaint does not raise a substantial federal question. Further, as explained above, whether Avanir is vicariously liable for Dr. Raheja's, Hayslette's, and Mazzucco's conduct is clearly an issue of state law; federal law does not provide the answer to this question.

As a final matter, the court finds that the exercise of jurisdiction over this action would impermissibly disrupt the congressionally approved balance of federal and state judicial responsibilities. *See Grable,* 545 U.S. at 315. *Grable* instructs that a case cannot be deemed to "arise under" federal law, thereby invoking federal jurisdiction, merely because the litigation of state law claims may require a determination of whether a defendant's conduct violated federal law. Yet, that would be the result here, where Plaintiff's well-pleaded Complaint does not raise any challenge or dispute regarding an interpretation of federal law. As a consequence, if jurisdiction exists here, it

would exist in every case brought under Ohio Rev. Code § 2307.60 that relies on federal law as the underlying criminal statute of conviction. Simply put, this result would disrupt the congressionally approved balance of federal and state judicial responsibilities in a manner that would be drastically inconsistent with *Grable's* teachings.

As a result, the court does not have federal question jurisdiction over this action. Further, neither party asserts that this court has diversity jurisdiction under 28 U.S.C. § 1332. (*See* Notice of Removal, ECF No. 1; Mem. in Supp. at PageID #239, ECF No. 11-1.) Accordingly, removal to this court was inappropriate.

B. Costs and Attorney's Fees

Plaintiff requests the court to award her "just costs and actual expenses, including attorneys' fees, incurred with respect to this motion" because Avanir improperly removed this action to federal court. (Mot. at PageID #234, ECF No. 11.) Avanir does not address this issue in its Opposition. (*See* ECF No. 15.)

Pursuant to 28 U.S.C. § 1447(c), as part of the remand order, the district court "may require payment of just costs and any actual expenses, including attorney fees." However, as the Sixth Circuit has held, "an award of costs [under § 1447(c)], including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove." *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 913 (6th Cir. 2007). Similarly, the Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

There are no "unusual circumstances" in this case. Thus, whether the court awards Plaintiff costs and attorney's fees depends on whether Avanir had a "fairly supportable" or "objectively reasonable" basis for removal. Although this inquiry presents a close call, the court finds that Avanir's removal action was fairly supportable and was objectively reasonable under the circumstances. Indeed, although the Complaint only pleads state law claims, Plaintiff explicitly incorporated the facts and allegations from the Federal Indictment and the False Claims Act Complaint into her Complaint. Having done so, it is easy to see why Avanir might have believed that Plaintiff's Complaint brought federal law claims and/or claims that raised substantial federal questions. As such, the court finds that Defendants' attempt at removal was fairly supportable and had an objectively reasonable basis. Therefore, Plaintiff's request for costs and attorney's fees is denied.

## IV. CONCLUSION

For the foregoing reasons, the court grants Plaintiff's Motion (ECF No. 11). However, the court denies Plaintiff's request for costs and attorneys' fees. This case is hereby remanded to the Cuyahoga County Court of Common Pleas from which it was removed.

Since the court finds that it does not have jurisdiction over Plaintiff's case, the court declines to consider Defendants Hayslette's and Mazzucco's pending Motions to Stay Proceedings Pending Resolution of Parallel Criminal Matter (ECF Nos. 5, 8) and Defendants Avanir's and Dr. Raheja's pending Motions to Dismiss for Failure to State a Claim (ECF Nos. 16, 20).

IT IS SO ORDERED.

                                                      */s/ SOLOMON OLIVER, JR.*
                                                      UNITED STATES DISTRICT JUDGE

July 31, 2020